UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYMIEK I. MCCOY, 665954,

               Plaintiff,

    -against-

RICHARD STAFFORD, ESQ.,

               Defendant.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 14 2023 ★
LONG ISLAND OFFICE

**ORDER**
23-CV-3074(GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

Before the Court is the *pro se* complaint of Tymiek I. McCoy ("Plaintiff") filed while incarcerated at the Suffolk County Correctional Facility together with an application to proceed *in forma pauperis* ("IFP") and the required Prisoner Litigation Authorization form ("PLA").[1] *See* Docket Entry "DE" 1-2, 4. Upon review of Plaintiff's filings, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed IFP is granted. However, for the reasons that follow, Plaintiff has not alleged a plausible claim and the complaint is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## BACKGROUND

**1. Summary of the Complaint**

Plaintiff's complaint is submitted on the Court's form for civil rights actions brought pursuant to Section 1983 and is brief. *See* DE 1. Plaintiff names Richard Stafford, Esq. ("Stafford" or "Defendant") as the sole defendant. *Id.* at 1, and at 2 ¶ I. B. According to the

---

[1] Although Plaintiff appears to have signed each of these filings, they each also bear a notation that they have been filed by "Tameka Jackson (Power of Attorney) on behalf of Tymiek I. McCoy." DE 1-2, 4. As the Court made clear in its April 26, 2023 Electronic Order, "no filings by a non-attorney on [Plaintiff's] behalf will be accepted by the Court" and Tameka Jackson has been stricken from the docket. *See* Elec. Order, dated May 10, 2023.

complaint, Stafford was appointed by the court to represent Plaintiff during an on-going underlying state court criminal prosecution pending in Suffolk County.[2] *Id.* at ¶ II. Plaintiff complains that in or about January or February 2023, Stafford provided in effective assistance of counsel by failing to provide Plaintiff with notice of his grand jury hearing and by failing to secure Plaintiff's appearance at the grand jury hearing. *Id.* Plaintiff also alleges that Stafford did not communicate with Plaintiff during his representation and he was therefore relieved by the Court and another attorney was appointed. *Id.* As a result, Plaintiff claims to have suffered "emotional distress" and "pain and suffering" for which he seeks to recover a damages award in the sum of $80,000.00. *Id.* ¶¶ II.A.-III.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

### I. *In Forma Pauperis*

Upon review of the IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the

---

[2] According to the information maintained by the New York State Office of Court Administration on its public website, Plaintiff was indicted on February 10, 2023 in Suffolk County Court-Criminal Term under Indictment No. 70356-23 charging him with several felonies including criminal possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03 and criminal possession of a controlled substance with intent to sell in violation of N.Y. Penal Law § 220.16. Plaintiff pled not guilty on February 22, 2023 and is awaiting trial in custody having not posted bail or a bond. *See* https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=appearance&docketNumber=PLKQim7/IsoJHkTraM7YBg==&countyId=RGmOR4u7mFEnUqEBkD3k3Q==&docketId=Z3AG3P7c6XL6CyrTJ6a_PLUS_zA==&docketDseq=1S/u0HTBfVG_PLUS_0oe8y7MYrA==&defendantName=Mccoy,+Tymiek+I&court=Suffolk+County+Court+-+Criminal+Term&courtType=S&recordType=C&recordNum=f8wlqWEAEoGuZOa936Q88w== (last visited on May 16, 2023).

application to proceed IFP (DE 2) is granted.

## II. Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

3

## DISCUSSION

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id.* The Court analyzes Plaintiff's Section 1983 claim below.

### I.    Lack of State Action

Plaintiff's Section 1983 claim against his defense attorney, Stafford, necessarily fails because the defendant is not a state actor and Plaintiff has not alleged that he conspired or jointly acted with a state actor to violate his constitutional rights. *See, e.g., Mercado v. Orange Cty. Legal Aid Soc'y*, No. 19-CV-11904 (CM), 2020 WL 635579, at *2 (S.D.N.Y. Feb. 10, 2020) ("[T]he representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender.") (citing *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004)).

"[I]t is axiomatic that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."

4

*Flores v. Levy*, No. 07-CV-3753, 2008 WL 4394681, at *7 (E.D.N.Y. Sept. 23, 2008) (citing, *inter alia*, *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (internal quotation marks omitted).

Here, as is readily apparent, Plaintiff's sparse allegations do not allege that Stafford acted outside "a lawyer's traditional functions as counsel" nor does he allege any basis from which the Court could reasonably construe that defendant engaged in any "concerted action" with a state actor. *Rodriguez*, 116 F.3d at 66; *Mercado*, 2020 WL 635579, at *2. "Section 1983 was enacted to redress civil rights violations by persons acting under color of State law and should not be used by clients disappointed with the performance of their attorneys." *Brooks v. New York State Supreme Court*, No. 02-CV-4183, 2002 WL 31528632, at *3 (E.D.N.Y. Aug. 16, 2002) (citation omitted). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against Stafford and this claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

## II. Lack of a Constitutional Deprivation

Further, even if Plaintiff had sufficiently alleged state action, his Section 1983 claim also fails given the threshold problem that Plaintiff has not plausibly alleged a constitutional deprivation. It is long established that "there is no federal constitutional right to testify before a grand jury, nor, for that matter, is there even a federal right to a grand jury in state criminal proceedings." *Franklin v. Warren Cnty. D.A.'s Off.*, No. 08-CV-0801, 2009 WL 161314, at *2 (N.D.N.Y. Jan. 21, 2009) (citing *Burwell v. Supt. of Fishkill Corr. Fac.*, 2008 WL 2704319, at *8 (S.D.N.Y. July 10, 2008)).

Accordingly, Plaintiff's Section 1983 claim arising from the grand jury proceeding is not plausible and is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

5

### III. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and dismisses any such claims without prejudice.

### IV. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Given that Plaintiff's claims could not be cured with amendment, leave to amend would be futile

and is thus, denied. Plaintiff may pursue any valid claims he may have against the Defendant in state court.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP (DE 2) is granted. However, complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). The Clerk of the Court shall enter judgment accordingly and mark this case closed. The Clerk of the Court shall also mail a copy of this Order to the *pro se* Plaintiff at his address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/Gary R. Brown

**United States District Judge**

Dated:   May 24, 2023
         Central Islip, New York